**IT IS ORDERED as set forth below:**



Date: June 14, 2017

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| In re: | CASE NUMBER |
|---|---|
| **FREDERICK LEON YOUNG, and, SHIRLEY DENISE YOUNG,** | **16-68135-PMB** |
|  | CHAPTER 7 |
| Debtor. |  |

### ORDER DENYING FEE APPLICATION OF DEBTOR'S COUNSEL
### AND CONVERTING CASE FROM CHAPTER 13 TO CHAPTER 7

On May 25, 2017, the above-captioned case came before the Court for hearing on confirmation of the Debtor's proposed Chapter 13 plan of reorganization (the "Prior Hearing"). At the Prior Hearing, Debtor's counsel ("Debtor's Counsel") announced that he had filed a *Motion to Convert Case to Chapter 7 under Section 1307(a)* on May 16, 2017 (Docket No. 47)(the "Motion"). He also announced that he had filed an *Application for Compensation* for King & King, LLC on May 18, 2017 (Docket No. 50) (the "Application"), seeking $3,578.16.[1]

---

[1] The Chapter 13 Trustee reported at the Prior Hearing that he is holding approximately $6,400 in this case. In the Application, Debtor's Counsel notes that their agreed fee for this case is $4,500, but that they are seeking only $3,578.16 based on their estimate of the time that they spent in this case.

At the Prior Hearing, counsel for the Debtor argued that, although this Court's General Order 18-2015 (the "<u>General Order</u>") expressly provides that a maximum of $2,000 of the funds on hand with the Chapter 13 trustee in a case that is converted from Chapter 13 to Chapter 7 may be paid to debtor's counsel for its fees upon conversion, if a fee application is filed timely and prior to conversion, additional fees beyond $2,000 can be requested.  Accordingly, Debtor's Counsel filed the Application, and scheduled a hearing on the Motion and the Application for June 22, 2017.  Counsel for the Chapter 13 Trustee (the "<u>Trustee</u>") argued at the Prior Hearing that the General Order does not allow for any compensation above $2,000 in a converted case, even upon the timely filing of a fee application.  The Trustee also argued that the conversion to Chapter 7 cannot be delayed by setting a motion to convert for hearing; conversion occurs automatically upon the filing of such a motion or similar notice, by operation of law.  The Court continued confirmation to June 22, 2017, and took the Motion and the Application under advisement.

Having reviewed the relevant statutes, rules, and case law, and the General Order, this Court will deny the Application and find that this case was converted to Chapter 7 by the filing of the Motion for the reasons that follow.

***General Order 18-2015 Does Not Allow Additional Fees in Converted Cases***

The General Order addresses the question of the payment of unpaid attorneys' fees for counsel for the debtor from the funds on hand with the Chapter 13 trustee in converted cases in paragraph 3.  It provides:

> The Chapter 13 plan filed by a debtor must also state with specificity whether the debtor directs the Chapter 13 Trustee to pay debtor's attorney from funds being held by the Chapter 13 Trustee at the time of any conversion of the case prior to or after confirmation of the plan.  With this direction from debtor, and appropriate disclosure by debtor's attorney discussed below, the Chapter 13 Trustee is

> authorized to deliver to debtor's attorney the unpaid amount the agreed upon fees *not to exceed (i) $2,000 upon a pre-confirmation conversion* and (ii) the allowed fees upon a post-confirmation conversion. Any payments made to debtor's attorney prior to conversion shall be applied to these fees.

The General Order ¶ 3 (emphasis added). The General Order is unequivocal that in a case converted pre-confirmation, debtor's counsel is not entitled to receive more than $2,000 from the funds on hand with the Chapter 13 trustee. By contrast, the provision of the General Order that addresses the payment of attorneys' fees for counsel for the debtor from funds on hand with the Chapter 13 trustee in dismissed cases allows such attorney to file a fee application for any fees being sought in excess of $2,000: "Debtor's attorney may file a fee application in compliance with Fed. R. Bankr. P. 2016(a) for any fees sought over $2,000.00 but it must be filed within 10 days of the dismissal." The General Order ¶ 4. Clearly, it was contemplated in the General Order that amounts in excess of $2,000 might be paid by the Chapter 13 trustee to counsel for the debtor in a case dismissed prior to confirmation, and the absence of similar language in the section on conversion suggests that the same was not contemplated there.[2]

Additionally, the plan of reorganization proposed by the Debtor in this case, similar to the General Order, provides: "If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $2,000 . . . ." See Debtor's Third Amended Chapter 13 Plan, Docket No. 43 § 4(B). Since the payment to debtor's counsel of any of the funds in the hands of the Chapter 13 trustee upon conversion rests entirely on the basis

---

[2] The reason for the difference is highlighted by this case. The administration of the Debtor's Chapter 7 case, which would have commenced immediately if a notice of conversion had been filed (see *infra*), has been delayed by almost a month by the resolution of the issue regarding additional fees for Debtor's Counsel. It is precisely this delay that the streamlined mechanism outlined in the General Order was intended to avoid, while at the same time providing Debtor's counsel with reasonable compensation for its efforts. There is no analogous delay harmful to the Debtor that is caused by permitting the prompt filing of a fee application in a dismissed case.

of explicit direction by the debtor, this provision too counsels against permitting the relief sought by counsel here.[3]

In sum, both the General Order and the Debtor's proposed plan limit the fees payable to Debtor's Counsel from the funds on hand with the Chapter 13 trustee to $2,000 on conversion of this case to Chapter 7 prior to confirmation, and Debtor's Counsel is not permitted to seek to recover additional fees from those funds.

### *Conversion from Chapter 13 to Chapter 7 Occurs Immediately Upon the Filing of Such Request*

A Chapter 13 debtor, who has not previously converted his or her case from a case under Chapter 7, 11, or 12, has an absolute right to convert such Chapter 13 bankruptcy case to a case under Chapter 7.  See Harris v. Viegelahn, 575 U.S. __, 135 S. Ct. 1829, 1835-36, 191 L.Ed.2d 783 (2015); MMM Healthcare, Inc. v. Santiago (In re Santiago), 563 B.R. 457, 470 n. 7 (Bankr. D.P.R. 2017); Saber Sec. & Investigations, LLC v. Raines (In re Raines), Case No. 08-41972-EJC, 2014 WL 6461784, 2014 Bankr. LEXIS 7456, at *1 (Bankr. S.D. Ga. Nov. 17, 2014).   11 U.S.C. § 1307(a).  Conversion under 11 U.S.C. § 1307(a) is governed by Fed. R. Bankr. P. 1017(f), which provides, in pertinent part, that

> A chapter 12 or chapter 13 case shall be converted *without court order* when the debtor files a notice of conversion under §§ 1208(a) or 1307(a).  The filing date of the notice becomes the date of the conversion order for the purposes of applying § 348(c) and Rule 1019.

Fed. R. Bankr. P. 1017(f) (emphasis added).   What is most notable about the Rule is that a case is converted instantly, without needing a court order, and that such conversion is effective on the date of the filing of such notice.  See Harris, 135 S.Ct. at 1835-36; Wells Fargo Bank, N.A. v. Traub

---

[3] Although the Debtor did in the Application consent to the payment of the larger sum to Debtor's Counsel, that amount (i) is not authorized by the General Order and (ii) was not consented to of record until after the Motion was filed and thus case already converted (see *infra*).

(In re Traub), Case No. 10-41394, 2014 WL 1779261, 2014 Bankr. LEXIS 2028, at *3-4 (Bankr. S.D. Ga. May 5, 2014) (holding that a chapter 13 case would be converted upon the filing of an appropriate notice but that the debtor in that case did not file such a notice). Under such a regime, a "motion" to convert that seeks entry of an order is not necessary, and should in most circumstances (including these) be treated as the requisite notice.

Accordingly, it is

**ORDERED** that, to the extent that the Application seeks an Order authorizing or requiring the Chapter 13 trustee to turn over to Debtor's Counsel an amount in excess of $2,000 from the funds on hand in this case, the Application is **DENIED**. It is further

**ORDERED** that the Motion shall be treated as a notice of conversion, and this case shall accordingly be converted to Chapter 7 pursuant to Fed. R. Bankr. P. 1017(f).

The Clerk of Court is directed to serve a copy of this Order on Debtor, Debtor's Counsel, the Chapter 13 Trustee, the acting United States Trustee, all creditors, and all parties in interest in this case.

**[END OF DOCUMENT]**